The next case on the call of the docket is agenda number two. Case number 131340 People v. Heintz. Is the attorney for the opponent prepared to proceed? Please step up, state your name, counsel, tell the court who you serve. I am Assistant Attorney General Nick Moeller on behalf of the people. Before the court today are two issues on peripheral evidence, evidence of conduct beyond the charged offense and whether the trial court abused its discretion in barring that evidence from introduction. First being conduct of the victim after the charged offense occurred. The second being the defendant's acquittal of other bad acts that were introduced in the trial. And unless the court has a different preference, I will address the victim's conduct first. The question of whether the victim's post-defense conduct was admissible at the court comes down to simply the plain language of Rule of Evidence 405B2. 405B2 limits that evidence to specific instances of the alleged victim's prior violent conduct. So this case comes down to what does the word prior mean? There does not seem to be an argument that the standard dictionary definition is what controls, and that prior means either before or preceding an order. The question then becomes before or preceding an order what? And that is answered by the rule, because you can look at Rule 405B2 in two parts. The first part tells the court in what instances this rule applies, and that's in criminal homicide battery cases where there's a self-defense claim and there's been conflicting evidence as to whether the alleged victim was the aggressor. So when we look at that first part of the rule, it's telling the court this matters when there's a question about what was the conduct of the victim? Was the victim the aggressor? It then moves on to the second section to say what the effect of that is, and that's then specific instances of the alleged victim's prior violent conduct are going to be admissible. Can I ask you a fact question so I could understand the context here? Yes. There was a great deal of evidence that was presented to this jury from both sides. They're very violent, toxic relationship. Many, many events prior and post events were presented to the jury. But I'm not really sure, the specific issue we're talking here, there was a proffer of video from a camera, a doorbell camera, correct, that the defendant wanted to introduce, correct? I believe it was different surveillance cameras, different from the ring camera that came up.  But there was video that the defendant wanted to introduce, and that was kept out, correct? Yes. So was there live testimony? Did he testify? Did the alleged victim testify to any of these prior events? No, Your Honor, and I believe that's because they also have been barred by the judge's rule. Was that the issue before the court, or was it specifically about the video? Specifically, it was the video because that's what was proffered. There was not, I don't recall, I apologize, whether there was further discussion of just testimony of it, but the motion when they heard it was specifically about the video. Okay. Thank you. So to clarify, so what we have based on proffer, although the videos were mentioned, they were never played for the court or entered into evidence, were those two instances post-stating the charge offense, which were the victim throwing a beer can at defendant based on defendant's proffer, and in another instance, also after the charge offense, defendant knocking down the defendant and punching him. So let me ask you this, and maybe I should ask you later. You said that was part of the proffer, was the throwing of the beer can? Yes, Your Honor. Okay. The actual, the testimony about the actual event that was charged, the defendant testified there, and did testify, that the alleged victim threw beer at him. Was it specifically a beer can, beer bottle, the liquid? Do we know? My understanding is it's unclear. It's ambiguous from the testimony. It's that she threw the beer in his face, and it's unclarified whether it's the vessel, whether it's the contents of the vessel. I believe, and I will get to that in the discussion of harmlessness, I don't believe it makes a difference, but it just was ambiguous in the record. But none of that matters to the initial question of whether the post-defense conduct was admissible, because that's purely rule interpretation, but it follows the same rules as statutory interpretation. And we have a rule that says prior conduct. That comes after discussing the victim's conduct during the offense. And so the natural reading of that rule means the prior conduct means prior to that conduct in the offense. Beyond just the plain language, we can then look to the fact that if that's not the reading, we give the word prior in the rule. The question is what does that mean? Because otherwise prior has no effective meaning in the statute. If, as the appellate court and defendant suggests, prior means prior to trial, then the word superfluous, because just based on the way time works, everything entered at trial happened prior to trial. And so if that's the reading, prior was unnecessary and has no meaning. Trying to avoid that, defendant has suggested, well, what prior really means is other, because otherwise there's this confusion of whether the rule lets in just the conduct during the offense or all other victim conduct. Well, the problem with that is 1405b2 would never apply to the conduct during the offense, because it's a rule about character evidence, and what the victim did during the charged offense is not character evidence. That's just direct evidence. Moreover, this court in Promegate meeting the rule didn't use other as defendant attempts to. It used prior. Prior has a temporal limitation that other does not, and if the court had meant other, one presumes it would have used other. And so by all instance, all language of the rule, it's clear prior conduct means prior to the charged offense. Because of that, the trial court did not abuse its discretion in barring the evidence of the post-offense conduct. There's another reason that the post-offense conduct should not have come in. Although it was not relied upon by the trial court, this court is not bound by the reasoning of the court, and anything that supports the court's ultimate judgment on the record can be used to affirm the lower court's decision. Defendant never put forward a legally sustainable self-defense theory as required by Rule 405, specifically in that there was never any real conflict over whether the victim was the aggressor. And that's because based even on defendant's testimony, it's clear defendant was the ultimate aggressor in the altercation. And that's because we do have this throwing of a drink, and as Your Honor alluded to, it is ambiguous how much of an aggressive act that was. But regardless, that act and any chain of aggression from that act has been broken. Is it your claim that whether it was just thrown and it's just liquid or thrown in the can, that that is not – if it's just a liquid, that that's not an aggressive act? Is that what you're saying? No, Your Honor. I think there's a proportionality question there. But what I'm arguing now is regardless of whether it was the thrown liquid or the more aggressive act of throwing a physical object or a solid object, it does not matter because there's a break in the chain of actions. So even if we say for the sake of argument, this was clearly an aggressive act, the throwing of a drink, whatever it was. The victim then fled. She not only fled, she fled to a room, closed herself inside, and hid. Defendant, who admits he was upset, he's upset because he's his current girlfriend, won't tell him where she's been. He runs after her. He's never said that he ran after her in self-defense. And that's because he can't plausibly make that argument. But he admits he ran after her, broke into the room she was in, and that's when, under his testimony, she hid. That's not saying the victim was the aggressor. When someone breaks in a bathroom door to get to you, that's the act of aggression that starts it. So regardless of what the victim did at the beginning, she's now fled, he's in no danger, and he then prolongs the experience. He creates the danger he says he's defending himself from, and that's not a valid claim of self-defense, and it's not enough to involve Parole 405b2. So for both of those reasons, the plain language of 405 and the evidence before the court, it did not abuse its discretion in barring the post-offense conduct. But regardless, even if the trial court had error, it's clear here that any error would have been harmless, that there's no reasonable probability that the jury would have acquitted defendant had they seen this evidence that she had violent conduct after the offense. And that's because, as Your Honor alluded to, it was clear to the jury, based on the evidence that did come in, that this was a volatile relationship. There was violence that went back and forth. They had multiple instances beyond what was barred, including several acts defendant was accused of, as well as several acts the victim was accused of. The jury knew what was going on in this relationship, but the question before it wasn't who is the bad person, who is the ultimate offender in the relationship. It's who is the offender on the day of the charged offense. And there we have two accounts. One account of the victim, which is corroborated by all the other evidence, and one account of the defendant that's implausible because of all the other evidence. You talk about the volatile relationship, and what about the other issue on the acquittal? Why should that be barred? Well, that should be barred, Your Honor. Moving on, and I will address, if the court does not mind, I can do harmless error kind of together because it's similar. The acquittal also was an abuse of discretion, Your Honor, because there was no relevant purpose for it to come in. When we look at that, an acquittal is not relevant evidence to show someone did not commit, did not do the conduct they were charged with. That's not what – that has never been held to be a relevant purpose for acquittal evidence, both because that's not what the jury has asked. They're not asked is this person innocent. They're asked – Did that acquittal involve the July 3rd incident? Yes, this is the July 3rd, 2020. And there was testimony about that incident? Yes, Your Honor, there was. And you don't think that the acquittal would be helpful in helping the jury assess what took place and what the parties were doing and who could be an aggressor at a particular time? No, Your Honor, because an acquittal doesn't serve to say what happened. An acquittal is a non-finding, not an actual finding that something did or did not occur. Is it a question of fairness, though, if you're going to have the evidence come in that this person allegedly committed that offense or engaged in this conduct? It feels like you're not telling the entire story. There are circumstances where it can come in, as was seen in Ward. But even in Ward, it was not coming in to show – the acquittal was not coming in to show that defendant affirmatively did not do something. The acquittal comes in under Ward in a curative sense. The acquittal comes in when there's been some suggestion that there was a trial, and so we are worried about an improper inference from the jury, not only that there was a trial, but that defendant was ultimately convicted. And that's because conviction, unlike the acquittal, is an affirmative finding that something happened. When there is a conviction, that's a statement of law that something happened. And so the court in Ward – this court in Ward was concerned that if that inference is made, then we have this undue weight being given to a conviction that did not exist. Added to that, in Ward, unlike this case, the prior conduct that was concerned about was far more salacious than the charged conduct. It was far more violent, I believe, and otherwise graphic. That's not the case here where the July 2020 conduct is not the same level of beating as was shown for the charged conduct. Moreover, defendant was not limited in his rebutting the evidence. In this case, as he was in Ward in Ward, he was not able to provide video evidence like defendant did in this case. And therefore, the question of context, whether fairness has been shown, whether the jury is going to unnaturally – I'm sorry – incorrectly assume a conviction happened, whether this evidence is far more prejudicial than not, all of those factors that led this court in Ward to say, this evidence needs to come in as a curative element for the prejudice of the conviction, those aren't present here. It should also be noted that in Ward, what this court was relying upon was the statutory language of Section 115-73, which explicitly said that defendant had the right to rebut evidence of other violent acts. But here, evidence came in under Section 115-74. 7-4 doesn't have that language. 7-4 doesn't have the explicit right to rebut that the section Ward reviewed had, that the section Ward relied upon had. And so that type of curative relevance Ward discusses is both not relevant here because of the facts of this case, and because of the statute being used. The statutory base for Ward also isn't present here. So unless there are further questions on that question of whether the acquittal should come in, regardless, again, any error in barring the acquittal would have been harmless. We're talking about evidentiary harmless here, so it's the same in both issues, of whether there's a reasonable probability that the jury would have acquitted the defendant had they seen that evidence. And on this evidence, we have the victim's testimony of the beating that is corroborated by the wounds and the bruises that the police see and take pictures of. It's corroborated by her blood all over the bathroom. It's actually, her blood is found on the defendant. There's blood on his knife that she can't be excluded from. It's corroborated by the fact that the defendant, who says he was the victim, fled when the police showed up. When he fled, he took her phone with him, and then he lied about that phone when the police stopped him, showing consciousness of guilt. So according to her testimony, he took her phone, he beat her, he fled when the police showed up. That's all shown, borne out, by the other evidence, the evidence that isn't testimony that's physical, her blood, her bruises, the stolen phone. Counter that with his testimony, implausible testimony that I already mentioned, does not meet the legal standard of self-defense, but also just isn't plausible. If he really is the victim, why does he chase after her? If he's really afraid for his safety, why doesn't he leave when she's in the bathtub? Why did he break down the bathroom door? Yes, Your Honor. Why did he break down the bathroom door to get to his assailant? Why doesn't he leave when she's incapacitated in the bathtub? Why does he stay the night? She stays the night because he has a weapon. He's still there and won't let her leave. We don't know why he would stay the night, not until the police come, when he can tell his side of the story, and that's when he flees, shows his consciousness of guilt. When he's arrested, why doesn't he say what happened? Why does he lie about having the phone? And perhaps more damning, whereas she can corroborate her testimony with her injuries, he said he was attacked so much that he had to hold her into a bathtub to protect himself, and that he is not an injury on her. His testimony is implausible, regardless of the peripheral evidence, whether it's the victim's post-defense conduct or his acquittal. But even beyond that, in the case of the victim's post-defense conduct, there was plenty of evidence of other instances where she was violent. The jury knows who she was, who she is character-wise, which is the question for character evidence. They know who the defendant is. One more piece of evidence is merely cumulative and will do nothing about the disparity of who's being corroborated. As to the acquittal, there's the extra instance for the harmlessness factor. This whole problem was caused by defense counsel. Defense counsel mentions a trial when he didn't have to mention a trial. And he's not allowed to say the word acquittal, but he's allowed to effectively tell the jury that an acquittal occurred, because right when they're told that there was this misdemeanor trial, he starts off by saying she caused a false investigation against him. Then he goes into the misdemeanor trial. He stopped saying acquittal, but he's allowed to say she went 0 for 2. She tried to get him. She's tried twice, and she's failed to get the defendant. He's asked her, please let me have my job. Don't make me go to jail. But neither of those attempts work. The jury, hearing this argument, the only instigation of all this question of whether the acquittal should come in, and then it's told she tried and she failed. Any person listening to that argument would understand it to be if there was a trial, he won. He was acquitted. And for that purpose, there can be no error in keeping the acquittal out because it would not have changed. There's no reasonable probability that it would have changed the jury's verdict. So unless there are further questions, I would ask that this court reverse the judgment of the appellate court and remand to the appellate court for consideration of the remaining issues. Thank you. Thank you, Counsel. May it please the Court. Counsel, my name is Matthew Mueller. I represent the defendant, William Hines. Mr. Hines was found guilty after a jury trial in Kankakee County. I did not represent him at the jury trial. I did represent him in the 3rd District. The 3rd District overturned that conviction for the two reasons you just heard, one being that the ring video or the surveillance video evidence should not have been barred from being introduced, and the second basis being that the acquittal information should have been allowed in front of the jury. To start off, I think it's important for the Court to point out, or for me to point out to the Court, that when we're talking about Supreme Court Rule 405, we have a de novo standard of review. Your interpretation of that rule would not be an abuse of discretion. It would be de novo. So what does Supreme Court Rule 405 mean? I'm sure the Court all has a copy of Illinois Rule of Evidence 405. The defense's argument is if you remove the word prior, the rule becomes substantially less clear. With it gone, it's unclear what exactly the bad acts they're talking about. Prior identifies what the bad acts are, the ones previous to this incident not talking about this incident. In addition, if we're talking about statutory construction, and that's kind of what we apply here to these Illinois Rules of Evidence, we're talking about statutory construction, then the term prior means before, previous. What the defense is asking is that you interpret prior to mean just that, before previous. Before previous is not qualified. It doesn't have caveats or catch-alls. It's just before. The state, on the other hand, wants you to read in new language. Prior to the charged offense. So when prior is just the word that's used, and it's not qualified, then our interpretation has to be right, because we're not asking you to add language into the statute. In order to do this statutory interpretation, as you suggest we must do with the Rule of Evidence of the Court, we need to have perhaps an understanding of what this rule is about. And so my question to you is, speaking in the language of evidence, what is the relevance of the admission of specific instances of the alleged victim's prior violent conduct? Because that's what these tapes are – the videos are supposed to show that there was prior to the trial violent conduct. What is the relevance of that? What is the issue that you wanted to introduce? What was it probative of?  So what the trial court got wrong was they got stuck on this idea of what does the defendant know, which would have been relevant for self-defense. But there's another whole component that is out there that is propensity. Certainly we know propensity evidence generally is excluded. Correct. So it's a very narrow exception when prior bad acts are admitted at trial under evidence theory, correct? It should be narrow. It's not always in practice narrow, but, yes, it should be. I mean, in terms of – well, I'm saying – the rules are propensity evidence is excluded except in narrow situations, right? Right. And in situations – So tell me how this prior violent conduct of the alleged victim, what is it trying to prove? Maybe I should just say this. We know the seminal case here is Lynch. And Lynch says when the – there is a question as to who was the aggressor, specifically that's what Lynch says. When there's a question as to who was the aggressor, this prior bad acts are relevant to who is the aggressor, correct? Correct. Is that what you're trying to prove is who was the aggressor? By introducing these prior bad acts, you're trying to prove who was the aggressor, correct? Correct. Tell me who was the aggressor in this case. The alleged victim was the aggressor in this case. After she went into the bathroom and locked the door, he knocked the door down under his testimony? No. So the state has conveniently not informed this court of the entirety of the facts. The facts that the defendant testified to was that he got beer thrown at him. I can't remember if this is the – if he also got the beer can thrown at him. She then grabbed his phone and ran into the bathroom. So he went up to try to get into the bathroom to grab – to take his phone. That was his testimony. And broke down the door. And – well, he said phone, but, yeah, broke down the door, and then she attacked him. So – So who was the aggressor? She was the aggressor. The problem is the state wants this court to believe that he just broke down the door because he was mad. The testimony was she had his cell phone, and he was trying to – So don't – we have statutes that talk about retreat. When there's a question about who was an aggressor. Perhaps someone starts as the initial aggressive and then retreats.  Correct. There's a whole body of law about that. Is this not a retreat? I don't believe this is a – how could it be a retreat when she has his cell phone? I mean, that's his own personal property. It's obviously a very private thing. She has his cell phone. And at that point, he has done – his testimony is he has done nothing to touch her. He breaks down the door, which is not touching her, and she attacks him. And I think what the court needs to remember here is that the judge here did give a self-defense instruction. The standard for whether or not you have self-defense is, I believe there – it might be a scintilla, but I think it's is there some evidence of self-defense. And I believe this court would review the trial court's decision about whether or not there is some evidence of self-defense under an abuse of discretion. In the trial court, very clearly, there was almost no dispute that it was, in fact, a self-defense case. The instruction was given. So the State is telling you there is nothing there, but the trial court got it right, but they got this wrong. It's just, you know, they got it right on the more difficult burden for the State, but they got it wrong on the easier burden for the State. So let me talk about other aspects of the trial and the evidence that was admitted here. We know – right now, we're talking about what the evidence was about the actual offense. The issue before us is whether evidence about what happened afterwards would be admissible or not. But certainly in this trial, there was a great deal of evidence from both sides as to what we might call prior violent acts of each other. Correct? Correct. So the jury heard – how many different incidents of violence were presented by each side prior to this event? So prior to the event, I believe four were introduced against the defendant. And my recollection is three were – two or three were talked about in regards to the alleged victim of the offense. So the jury heard all about both of these people, right? It did. I would argue that not all evidence is created equal. We have a ring camera where the alleged victim dumps beer on the defendant, pours it over, and then throws the beer in, exactly what's alleged to have happened here. We have another ring camera where the alleged victim decides to take her purse, smack him over the head, and then when he's down, continue to hit him. So the – So what is the standard of review? The court says the jury heard four prior violent acts against the defendant, three against the alleged victim, and you want to introduce more. And the judge said no. What's the standard of review? So if it applies to Rule 405, if you're basing it on Rule 405, it would be no. If it's – they're saying it's cumulative, it's too much, that would be an abuse of discretion standard. But the problem here is what this propensity evidence does for any defendant is it creates a he said, she said situation where the defendant and the victim can both just keep throwing evidence out there. And that happened here. It would happen, and it creates this mess. But what that barred for this defendant is the actual definitive proof of what one of these instances was. You don't have to – But let me – so if you're – I'm not sure which one you're talking about. Are we talking about the acquittal? I maybe want to move you on to the second issue so that we can talk about that, too. What is the relevance of that? Of the acquittal? Mm-hmm. So, I mean, it tells the entirety of the story. It tells that he was found not guilty beyond a reasonable doubt. And what does that prove? That he was found not guilty beyond a reasonable doubt. I mean, it doesn't have to do with this.  In another case. What does it prove in this case? It completes the puzzle of what the – of what has been introduced. And what I mean by that is nobody's trying to say that you have – Is it introduced for credibility? Is it introduced for propensity? What are you trying to prove with that evidence? It's introduced to – for the effect of trying to establish that this did not happen. I mean, so it's telling the jury, hey, he was not proven guilty beyond a reasonable doubt. But mostly it's just necessary to prevent the jury from guessing. The State fails to point out. Did the jury hear that the event that there was a trial and a finding of not guilty, did he testify about what happened in that event in front of this jury? He did. Did she testify about what happened in that event in this – before this jury? She did. So this jury heard everything. Everything except for the fact that he was subsequently found not guilty. By another jury. Right. But he also – part of the problem here is even if you don't believe Ward, even if you're overturning Ward, States still open the door. They – she says, I call 911. How that's relevant to what – the facts of what happened here, it isn't. She specifically mentioned twice the Iroquois County case. So we have the State introducing the fact that an Iroquois County case exists. So regardless of whether you uphold Ward, Ward continues to be good law, regardless of that, you still have the State opening the door. So by any standard, as soon as the alleged victim says the Iroquois County case, now the jury deserves to hear what happened in the Iroquois County case. So in terms of 405 – Was there an objection? Pardon? Was there an objection in which you testified? Yes and no. Well, there was objections. There were – I believe the issue was preserved because motion in limines were filed and those motion in limines were objected to. The record is, quite frankly, a mess. There's no other way to put it. But clearly these were objected to during motions in limine, with the exception of the last one where they thought they were going to get in the Iroquois County case, and he actually – he did allow that one in partially. He objected after it was the – after she was testified. Going back to Supreme Court Rule 405, if you – the State's version of how you interpret these rules of evidence, you know, they tell you, hey, you need to interpret it statutorily, like it's a statute. That's certainly partially true, but it's also totally not true. And the reason for that is because while – you know, when you look at legislative history for a statute, that's not law. That's just what people talked about. The Illinois rules of evidence are codifying existing case law that this court and lower courts have established. So there's nothing in the rules of evidence that say, hey, we don't – all of that old case law is bad. In fact, the preamble or the opening to the rules of evidence explain that the rules of evidence are specifically designed to try to focus what is all over the place. It's in different cases. It's in statutes. We're trying to focus it all down. But it doesn't say that that case law does not exist anymore. And if you look at Lynch, for example, you see that 405 is supposed to include anything that shows propensity because the defendant in Lynch didn't know that it was a – that these three convictions had happened. This was something they learned through the discovery process. I'll give you an example. Look at Supreme Court Rule 405 right at the beginning. It says, in criminal homicide and battery cases. So does that mean because Supreme Court Rule 405 says that, attempted murder is out? You can't use this in attempted murder? Does that mean that aggravated assault and assault are out? Because aggravated assault and assault are not battery cases. No. What it means is you look at the rule and then you look at the case law and figure out if it applies. Another example. Supreme Court Rule 609. That's the other bad acts, the Montgomery Rule. Montgomery has a long case – has a long history. And Montgomery and Vincepracini have established what is outlined in 609. So 609 is 10 years excluding conviction. Was it a felony or a crime of dishonesty? Then you do the probative versus prejudicial balancing test. Montgomery tells you there are factors that you consider when doing probative and prejudicial balancing. And does that mean because it's in Illinois Rule of Evidence 609 that those factors no longer exist? No. What it means is you look at the statute and then you look at the case law. Here, there is no case law out there from the Supreme Court that tells us we should not introduce these ring videos. It does not exist. In fact, the case law says the opposite. So the only way the state wins on 405 is if this court only looks at 405 and looks at nothing else. Now, in regards to both of these cases, part of what this court is doing in statutory interpretation, part of what this court is doing is just trying to avoid the absurd. And the absurd here in terms of statutory interpretation is the state is allowed to introduce after-the-fact offenses to prove propensity for the defendant. They did here. They introduced a firearms search warrant, for crying out loud, which is crazy. It has no relevance. But they introduced it to show he has the propensity to be violent. But the defendant is not allowed to introduce the same things because of the fact that it happened afterwards. It's absurd to have the idea that the state has more rights in presenting their case than the defense has in rights in presenting their case. It's also, in terms of the acquittal, it's absurd to think that a definitively true fact that we know to be true about something that happened that was introduced into evidence is not allowed to be admitted. So what the state is trying to do is they're trying to say we want to be able to prove that this offense created a propensity, but we don't want any of the bad stuff to come in. We don't want the undisputed truth that he was found not guilty to come in. And let's forget, the state is not helpless babes. They did tell us. I'm sorry. Let's engage that.  What you're saying is that this jury who heard both sides tell every detail of that event could not make a fair decision on how to weigh that without hearing what another jury had done with the same evidence? I'm saying that there's zero risk in allowing the jury to hear it. So is that a probative versus prejudicial argument? I don't think it is. I think that Ward does it right. Ward just says if you're going to introduce this and there's a not guilty, you need to tell the whole picture. If there's a not guilty finding, tell everything. Why hide? The state wants to be able to introduce this he said, she said information for propensity, but they don't want the outright truth to come out, which is that this was a not guilty. The state is allowing closing arguments to identify. That doesn't mean that he didn't do it. It just means that he was found not guilty. I would anticipate that a good prosecutor would, in fact, bring that up in closing arguments. It's the truth. Counsel, before your time expires, I would like you to address the harmless error aspect. If you were to find that this was there, can you address why this is not harmless? It's particularly not harmless in this case because what we're dealing with here is, I think as I've said several times, all of this is he said, she said, he said, she said. All of the evidence that the defendant was not allowed to introduce, that was barred, is evidence that is outside of that he said, she said. We're talking about recordings that show what happened, two recordings that show what happened. We're talking about a not guilty that is definitively the truth. So when you've got her saying numerous claims and him saying numerous claims, the evidence that would be most relevant would be something that gets outside of what these two people in this toxic condition. Is it about credibility? I'm really back to, you know, your basic evidence. Can you introduce this for credibility? That seems to be what you're saying here. He's introducing it to show that she has a propensity to commit this type of crime. So it's not a question of credibility or who to believe? Well, I guess ultimately I believe that propensity leads up to credibility, right? So if you have a propensity to commit this offense, it eventually leads to I don't find you credible because you are the one that has the propensity to do that. But the real problem here is then saying what happened isn't, I've said it before, not all evidence is the same. Not all evidence is of the same quality. And here what was barred by the defendant was his highest quality evidence, thus making it only a he said, she said type of situation. There's no evidence outside of this that the defendant could produce besides for his own word. And by the time he's taken the stand, he's already been told by the jury that he was this awful, awful person. That evidence, actually playing the video and showing what she did is the strongest evidence of her propensity to commit violence. And it supports his version of events, which is she took his phone. She threw a beer at him. That's on video later. She took his phone and when he came up there, she went nuts and started hitting him. We have a video of her taking a purse and knocking him over with the purse and then repeatedly hitting him with the purse while he is on the ground. And that is what is not a lot was not allowed to be played for the jury. That's pretty powerful stuff for the victims propensity for violence. And it takes it outside of of of judging their credibility of talking about it. Mr. Mueller, you want to bring your argument to a conclusion? I do. Thank you. The third district got this case right. This this court got this case right in the war and the third district should be upheld. Thank you for your time. I appreciate it. Thank you. Any rebuttal? He said she said that comes up in these cases a lot. Thing is, it wasn't he said she said because she didn't say she was found broken and bloody. She was found broken and bloody. There are pictures. There were DNA tests of her blood. I want you to respond to your opponent's comment that if the state is going to be allowed to introduce some evidence, they should introduce all of the evidence related to that incident, that incident. And it's unfair to allow them to introduce some, but not all of it. Can you respond to that? Yes. It's not unfair, Your Honor, because the acquittal is not evidence of what happened. The acquittal is 12 people who heard the evidence and formed an opinion about it. The same evidence was talked about at this trial. There were 12 people there charged with deciding. Is it truly the same evidence as at the first full trial? I mean, they had an opportunity to present evidence, but is it is it the same? That's not clear on the record, Your Honor. On the record, we have we don't know exactly what was given, but we do know videotapes came in at this trial. And the testimony of the two parties, the only two people who would have known what happened, came in. But the fact is, even if it wasn't, you can't have you can't take bystanders in a trial who listen to a witness and then put them on to testify, well, I believe that witness. And that's what we're doing when we're taking an acquittal. The acquittal is saying, well, we think this should come in because 12 other people believed defendant. But whether or not someone believes someone does not speak to whether or not that person was actually telling the truth. It just says what one person found. The question that's relevant is not what 12 other people found. It's what this jury believed. And the fact that acquittal happened does not show what did or did not happen. I see this missing piece of the puzzle. Why not have that piece on the table with the rest of the evidence and testimony? Well, because the question for this court is not why not let it in. The question for this court is was it an abuse of discretion? Was it? Yes, exactly. And those are two different questions, Your Honor, because we're not asking what would be the best practice. We're not asking what would be a perfect trial. It's was this judge irrational for holding out, for not letting the acquittal in. And he was not because the acquittal can only come in to cure some prejudice against defendant. It's not evidence showing he didn't commit the things he was charged with. And Ward acknowledged that when it said there would have to be a limiting instruction saying the acquittal does not prove defendant was not guilty. So no prejudice to this defendant by the failure to allow that piece of the puzzle? No, Your Honor. The prejudice we're concerned with is what is defendant prejudice by the other act coming in, which there's not only no objection. They said no objection in this case. So there's been no argument that there was error in letting that other conduct in. And, in fact, there's a waiver towards it or an acquiescence towards it. But if prejudice exists, it comes from the fact that the jury thinks, oh, there was a trial. There was probably a conviction. Here we don't have that worry because any references to a trial are brief. Defendant tries to claim 9-1-1 as a reference to a trial. It's not. Particularly where the witnesses had testified the police had come before and nothing had happened. The mentions to an Iroquois County case don't necessarily mean there was a trial because there was a question of a order of protection that has not been objected to, that that could be what Iroquois County was referring to. And even if the jury took from all of this, yes, the trial occurred, defense attorney told them what happened when he said she tried to get in and she failed twice. So there's no prejudice because if there was some assumption like an award that a trial had taken place, it was taken care of when the jury was told by defendant what the result was. She tried and failed. But again, doesn't that speak to the fact that that really isn't the best evidence of what occurred? We said defense attorney said, oh, and two. But if you actually have, you know, the acquittal itself, it substantiates the claim being made by the defense attorney, which when it's made is not evidence. It's his argument. Wouldn't it be better to have that? I know you are, because again, I think there was no prejudice based on this facts. And it should be clear, unlike defendants suggested, Ward doesn't say once you bring the act, once there's an acquittal, you bring it in. Ward specifically says it's limiting itself to the circumstances before it and says you get the limiting instruction telling you why it's coming in. Those circumstances aren't here. To the fact of the question of whether if a situation like Ward had applied, would an acquittal have been better than defense counsel telling them? That might be true. But the question before this court is, was the judge irrational? Could no rational judge have kept this up? And if we're using that metric, the abuse of discretion standard, then the answer is no. We may disagree with what the trial court did, but it was not so unreasonable. I'm going to turn for a moment to the Ring video. Is it your same argument for the same reason that it's just not relevant to, you know, that they heard the back and forth, they know that this is an acrimonious couple? The post-defense conduct, Your Honor, the videos that did not come in? No, it's not just a relevancy argument. It's the fact that 401 actively bars post-defense conduct in that 401 bars all character evidence unless some exception applies. Here we're saying the exception we're talking about is 402. I'm sorry, I think I have the wrong number. 405. 405, yes. Here, I think it might be 404, but I apologize. There is a general bar on propensity evidence that bars all propensity evidence. You therefore have to find an exception to get it in. The exception they are trying to get it through is 405b2. And so the reason it comes in, it doesn't come in, it's not just relevant, it's that it's actively barred unless 405b2 applies. And it says prior. So explain why your definition of prior is the appropriate one versus the mean prior to the offense versus prior to the trial. Because prior means before. The only way that before has any non-superfluous meaning is if it refers to what the first part of rule 405b is talking about, the conduct of whether they were the aggressor or not. So the state's reading of prior works because we give prior meaning and we use it to mean before. Defendant's ruling doesn't work because they're reading prior to mean other. And if this court wanted to say other, it would say other. Just like to touch last on the fact that it's not the state saying that the rules of evidence are read like statutes. That's this court's law, and it was cited to in our brief. It's not the state saying that the rules of evidence supplant the common law before. That's this court's words, and they're cited to in our brief. The issue of when we look back to what the prior common law said is not when there's plain language saying no and we use common law to say yes. When there's an ambiguity, that's when the prior common law is effective in the same way that legislative history would be if we were talking about statutory interpretation. But because this court has said we follow statutory interpretation, the same rule applies, that you don't look at the legislative history if the plain meaning is clear. Here the plain meaning is clear. Prior means before. And I would just note that even if we look back to Lynch, this case was not inconsistent with Lynch. This is a different legal question. It's a different set of facts. Lynch dealt with acts by the victim that occurred before the charged conduct. Lynch was not concerned about the timing of things. It was just the question of does it matter what defendant knows or not. That's not a the question. I'm sorry. There are two issues in Lynch. One is the defendant's state of mind, but the other is this more amorphic kind of idea of whether or not you cannot identify an initial aggressor. So if this evidence should be introduced to determine, should be introduced to determine that. To clarify what I mean is Lynch's determination was are we limited to just what defendant knew or not. And it said no. But in that finding, it was not dealing with anything temporal. The Lynch pin there, I apologize, the turning there is that do we care just about what defendant says or defendant knew or not. And Lynch said no. Lynch didn't care about timing. And it wasn't asked to because there was a murder victim. Clearly, it could only have been prior conduct. Thus, any change, any application to post-defense conduct would be an extension, an increase of what Lynch said. And I apologize. Counsel, you've got to wind your argument up, please. I would say the rule does not extend Lynch by any means. This court has said it abrogates. And for those reasons, we would ask that you reverse the appellate court. Thank you, Counsel. Case number 131340, People v. Heights, is taken under advisement as agenda number two. We thank the attorneys for their arguments.